# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>2005 TOYOTA TUNDRA, LICENSE NUMBER 7T31820, VIN: 5TBE534125S470786,<br><br>        Defendant. | 1:08-cv-0229 OWW DLB<br><br>ORDER AFTER SCHEDULING CONFERENCE AND ORDER FOR STAY |

I.  Date of Scheduling Conference.

    May 21, 2008.

II. Appearances Of Counsel.

    Stephanie Hamilton Borchers, Esq., Assistant U.S. Attorney, appeared on behalf of Plaintiff.

    Jim Elia, Esq., appeared on behalf of claimant Boonpheng Phiachantharath.

III. Summary of Pleadings.

    1.   This is an *in rem* civil forfeiture action.  In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the Defendant, 2005 Toyota Tundra, License Number 7T31820, vin: 5TBET34125S470786 (hereafter "Defendant vehicle")

constitutes a conveyance used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. § 841 *et seq.* and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

2.  On March 19, 2008, the Defendant vehicle was arrested pursuant to the Warrant for Arrest of Articles *In Rem* issued by the United States District Court Clerk. The action was published on April 11, 2008, in *The Business Journal* (Fresno County) pursuant to the Order of Publication filed February 22, 2008. The Declaration of Publication was filed on April 24, 2008.

3.  On March 19, 2008, copies of the Complaint, Application and Order for Publication, Warrant for Arrest, Order Setting Mandatory Scheduling Conference, Standing Order In All Civil Cases Assigned to District Judge Oliver W. Wanger, Notice of Availability of Magistrate Judge, Notice of Availability of Voluntary Dispute Resolution, and letter dated February 20, 2008, were personally served upon Boonpheng Phiachantharath. On April 9, 2008, Boonpheng Phiachantharath filed a verified claim and answer in this action.

4.  On March 19, 2008, the above-referenced documents were personally served on Chansamouth Phiachantharath. To date, no claim or answer has been filed by or on behalf of Chansamouth Phiachantharath as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and his time to file a claim and answer has expired.

5.  As of the date of the filing of this report, no other

potential claimants have filed claims or answers, or otherwise appeared in this action.

IV. Orders Re Amendments To Pleadings.

    1. The parties do not propose amendments to the pleadings at this time.

V. Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1. The Defendant vehicle was seized on October 2, 2007.

    B. Contested Facts.

        1. Claimant Boonpheng Phiachantharath contends he is the rightful owner of the Defendant vehicle.

        2. The Defendant vehicle was on loan to his brother at the time the vehicle was seized.

        3. The vehicle is not subject to forfeiture because Boonpheng Phiachantharath had no knowledge of his brother's intended use of the truck.

VI. Legal Issues.

    A. Uncontested.

        1. Jurisdiction exists under 28 U.S.C. §§ 1331, 1345 and 1355 and 21 U.S.C. § 881.

        2. Venue is proper under 28 U.S.C. § 1395 and 21 U.S.C. § 881(j).

    B. Contested.

        1. All remaining legal issues are contested.

VII. Consent to Magistrate Judge Jurisdiction.

    1. The parties have not consented to transfer the

case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

  1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Related Matters Pending.

  1.   This matter is related to the pending criminal case of *United States v. Chansamouth Phiachantharath, et al.*, District Court Case No. 1:07-cr-0268 OWW and the pending civil forfeiture cases of *U.S. v. Approximately $7,302.00 in U.S. Currency*, District Court Case No. 1:08-cv-0297 OWW GSA and *U.S. v. 2005 Mercedes Benz ML350, License Number 5HZU563, VIN: 4JGAB57345A524634*, District Court Case No. 1:08-cv-0300 OWW DLB. The parties request to stay this civil forfeiture matter pending resolution of the criminal case.

X.   Interim Stay.

  1.   The parties agree that this matter shall be stayed pending resolution of the criminal case.

  2.   The parties shall notify the Court within five (5) days following resolution of the criminal case so that this case may have a further schedule adopted for its resolution.

IT IS SO ORDERED.

1 | **Dated:    May 21, 2008**                         /s/ Oliver W. Wanger
                                                       UNITED STATES DISTRICT JUDGE