1  LAWRENCE G. BROWN
   Acting United States Attorney
2  DEANNA L. MARTINEZ
   Assistant United States Attorney
3  United States Courthouse
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:08-CV-00229-OWW-GSA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **FINAL JUDGMENT OF FORFEITURE** |
| ) | |
| 2005 TOYOTA TUNDRA, LICENSE ) | |
| NUMBER 7T31820, ) | |
| VIN: 5TBET34125S470786 , ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1. This is a civil forfeiture action against defendant 2005 Toyota Tundra, License Number 7T31820, VIN: 5TBET34125S470786 (hereafter "defendant vehicle").

2. A Verified Complaint for Forfeiture *In Rem* was filed on February 15, 2008, seeking the forfeiture of the defendant vehicle, alleging said vehicle is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4), on the grounds that the defendant vehicle constitutes a conveyance used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. § 841 *et seq*.

3. On February 19, 2008, in accordance with said Complaint, a Warrant For Arrest of Articles *In Rem* for the defendant vehicle was issued and duly executed on March 19, 2008.

4. On or about April 11, 2008, a Public Notice of Arrest of the defendant vehicle appeared by publication in the *Business Journal*, a newspaper of general circulation in the county in which the defendant vehicle was seized (Fresno County). The Declaration of Publication was filed with the Court on April 24, 2008.

5. In addition to the Public Notice of Arrest having been completed, actual notice was personally served upon Boonpheng Phiachantharath and Chansamouth Phiachantharath. Claimant Boonpheng Phiachantharath filed a Verified Claim and Answer to the Complaint on April 9, 2008. To date, no other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against Boonpheng Phiachantharath, Chansamouth Phiachantharath, and all other potential claimants who have not filed claims in this action.

3. Upon entry of this Final Judgment of Forfeiture Claimant Boonpheng Phiachantharath agrees to pay to the United States the sum of $9,875.00 as a substitute *res* in lieu of the defendant vehicle within forty-five (45) days from the date of signing the Stipulation for Final Judgment of Forfeiture. Claimant Boonpheng Phiachantharath shall send a cashier's check in the amount of $9,875.00 made payable to the U.S. Marshals Service. The check shall be sent to the U.S. Attorneys Office, Att: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. Said $9,875.00 shall be substituted as the *res* herein, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law. Upon payment of the sub *res* the United States agrees to forego any further action against the defendant vehicle based on the facts alleged in the Verified Complaint. Upon payment of the sub *res*, the United States will release the defendant vehicle to Claimant Boonpheng Phiachantharath, through his attorney, Jim T. Elia, 2300 Tulare Street, Suite 140, Fresno, California 93721.

4. If Claimant Boonepheng Phiachantharath fails to pay $9,875.00 as the sub *res* herein to the United States, as provided in paragraph 3 above, then on or after the forty-fifth day from the date of signing the Stipulation for Final Judgment of Forfeiture filed herein, all right title and interest in the defendant vehicle shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4) to be disposed of according to law.

5. Boonpheng Phiachantharath hereby acknowledges that he is the sole owner of the defendant vehicle and that no other person or entity has any legitimate claim of interest therein.

6. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

7. Until Claimant has paid the $9,875.00 sub *res*, Claimant Boonpheng Phiachantharath shall maintain any and all loan payments, if any, and insurance policies currently in effect with respect to the defendant vehicle, including policies covering liability to persons injured by said vehicle and for property damage to the defendant vehicle.

8. Until Claimant has paid the $9,875.00 sub *res* in full, Claimant Boonpheng Phiachantharath shall not convey, transfer, encumber, lien, or otherwise pledge the defendant vehicle without the prior written approval of the United States.

9. There was reasonable cause for the seizure and arrest of the defendant vehicle, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

10. Pending payment of the $9,875.00 sub *res* for forfeiture of the defendant vehicle, the Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

///

12. All parties will bear their own costs and attorneys' fees.

SO ORDERED THIS <u>17th</u> day of <u>April</u>, 2009.

           <u>/s/ OLIVER W. WANGER</u>
           OLIVER W. WANGER
           United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed February 15, 2008, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant vehicle.

Dated: <u>April 17, 2009</u>      <u>/s/ OLIVER W. WANGER</u>
                OLIVER W. WANGER
                United States District Judge